**DYNAMIS LLP**
ERIC S. ROSEN (*pro hac vice*)
erosen@dynamisllp.com
(617) 802-9157
MICHAEL B. HOMER (*pro hac vice*)
mhomer@dynamisllp.com
(617) 693-9732
175 Federal Street, Suite 1200
Boston, Massachusetts 02110

YUSEF AL-JARANI (Cal Bar No. 351575)
yaljarani@dynamisllp.com
(213) 283-0685
1100 Glendon Ave., 17th Floor
Los Angeles, California 90024

*Attorneys for Plaintiffs Andrew Left
and Citron Capital, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LEFT and CITRON CAPITAL, LLC,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ANSON FUNDS MANAGEMENT LP, ANSON ADVISORS INC., MOEZ KASSAM, and SUNNY PURI,<br><br>                    Defendants. | Case No. 2:25-cv-10432-SPG-AYP<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DECLARATION OF ROBERT M. SCHWARTZ**<br><br>Date:     February 25, 2026<br>Time:     1:30 p.m.<br>Ctrm:     5C<br>Judge:   Hon. Sherilyn Peace Garnett |

# <u>**TABLE OF CONTENTS**</u>

INTRODUCTION ................................................................................................... 1

ARGUMENT ......................................................................................................... 2

I.     DEFENDANTS CONFIRM THAT THE SCHWARTZ DECLARATION IS DESIGNED TO DISPUTE THE COMPLAINT ................................................ 2

     A.     The Exhibits Are Not Subject to Judicial Notice or Are Improperly Offered for Their Truth. .............................................................. 3

          1.     The Court Filings Cannot Be Used to Establish Defenses. .......... 3

          2.     The Committee Report Is Offered for a Disputable Interpretation. ............................................................................. 4

          3.     The SEC Press Release and Settlement Order Cannot Resolve the Factual Question of Whether Plaintiffs Had Inquiry Notice. ...... 6

          4.     The News Articles Cannot Establish Public-Figure Status or Causation. ................................................................................. 7

     B.     The SEC Deposition Excerpts Cannot Be Incorporated by Reference and Are Offered for an Improper Purpose. ................................ 8

          1.     The Selective SEC Deposition Excerpts Cannot Be Incorporated by Reference. .............................................................. 8

          2.     The Selective SEC Deposition Excerpts Cannot Be Used to Raise a Factual Dispute. ................................................................ 9

     C.     Defendants Forfeited the Alternative Arguments Now Offered. ......... 10

          1.     Defendants Have Forfeited Any Argument the Indictment and SEC Are Incorporated by Reference. ......................................... 10

          2.     Defendants Have Forfeited Any Argument the SEC Deposition Transcripts Are Subject to Judicial Notice. ............................... 10

          3.     Defendants Have Forfeited Any Argument the Protective Order Is Subject to Judicial Notice. .......................................................... 11

II.     IF THE COURT CONSIDERS THESE MATERIALS, RULE 12(D) AND *PLANNED PARENTHOOD* REQUIRE DISCOVERY. ................................ 12

III.     DEFENDANTS' LOCAL RULE 7-3 ARGUMENT SHOULD BE REJECTED. .................................................................................................. 12

CONCLUSION ................................................................................................... 13

- i -

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### <u>Cases</u>

*ArubaWater Corp. v. Wells Fargo Bank, N.A.*,
  703 F. Supp. 3d 995 (D. Ariz. 2023) ....................................................................9

*Augustine v. Lenovo (United States), Inc.*,
  2023 WL 4938050 (S.D. Cal. 2023) .....................................................................6

*Bejaoui v. City of New York*,
  2015 WL 1529633 (E.D.N.Y. 2015) ...................................................................10

*Berk v. Choy*,
  607 U.S. ----, 2026 WL 135974 (Jan. 20, 2026) ..................................................5

*Diaz v. Century Pac. Inv. Corp.*,
  1991 WL 331372 (C.D. Cal. 1991) .......................................................................8

*Donaghe v. Gollogly*,
  59 F. App'x 991 (9th Cir. 2003) ..........................................................................11

*E. Bay L. v. Ford Motor Co.*,
  2016 WL 777831 (N.D. Cal. 2016) .......................................................................3

*Estrada v. California Corr. Inst.*,
  2020 WL 2770063 (E.D. Cal. 2020) ......................................................................8

*Gopher Media LLC v. Melone*,
  154 F.4th 696 (9th Cir. 2025) ...............................................................................5

*Greiser v. Chavez*,
  2024 WL 3005898 (C.D. Cal. 2024) ....................................................................11

*Henley v. Jacobs*,
  2019 WL 8333524 (N.D. Cal. 2019) ......................................................................7

*Higgins v. Am. Bottling Co.*,
  2022 WL 13811816 (C.D. Cal. 2022) ..................................................................12

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
  2016 WL 9408516 (C.D. Cal. 2016) ....................................................................10

*In re Green Dot Corp. Sec. Litig.*,
  2024 WL 1356253 (C.D. Cal. 2024) ....................................................................10

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ............................................................................1, 2

- ii -

*Koi Design, LLC v. Mark's Work Wearhouse*,
   2010 WL 11508546 (C.D. Cal. 2010) ............................................................. 7, 11

*Loftus v. Primero Mining Corp.*,
   230 F. Supp. 3d 1209 (C.D. Cal. 2017) .............................................................. 10

*Pino v. Cardone Cap., LLC*,
   139 F.4th 1102 (9th Cir. 2025) .............................................................................. 9

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   890 F.3d 828 (9th Cir. 2018) ............................................................................... 12

*Poe v. Nw. Mut. Life Ins. Co.*,
   2022 WL 2046190 (C.D. Cal. 2022) .................................................................... 13

*Ramirez v. County of Riverside*,
   2022 WL 4227555 (C.D. Cal. 2022),
   report and recommendation adopted, 2022 WL 4225384 (C.D. Cal. 2022). ......... 11

*Ridenour v. Collins*,
   692 F. Supp. 2d 827 (S.D. Ohio 2010) ................................................................... 4

*Rivera v. Peri & Sons Farms, Inc.*,
   735 F.3d 892 (9th Cir. 2013) .................................................................................. 5

*SEC v. Left*,
   No. 24-cv-6311-SPG-JC, 2025 WL 2684201 (C.D. Cal. Apr. 22, 2025) ........... 1, 3

*Sira v. Morton*,
   380 F.3d 57 (2d Cir. 2004) ............................................................................... 8, 10

*SiteLock LLC v. GoDaddy.com LLC*,
   562 F. Supp. 3d 283 (D. Ariz. 2022) ..................................................................... 9

*Spirit Lake Tribe v. Jaeger*,
   2019 WL 13299003 (D.N.D. June 17, 2019) ........................................................ 10

*Sulaiman v. Noem*,
   2026 WL 127805 (C.D. Cal. 2026) ...................................................................... 13

*Williams-Sonoma, Inc. v. Amazon.com, Inc.*,
   627 F. Supp. 3d 1072 (N.D. Cal. 2020) .................................................................. 5

**Statutes**

Cal. Civ. Code § 47(b)(5) ............................................................................................ 4

Cal. Code Civ. P. § 425.16 .......................................................................................... 5

- iii -

1

## **Rules**

2  Fed. R. Civ. P. 8 ............................................................................................. 5, 6

3  Fed. R. Civ. P. 12 ...................................................................................... 5, 6, 13

4  Fed. R. Civ. P. 12(b)(6) ................................................................................... 11

5  Fed. R. Civ. P. 12(d) ................................................................................. 12, 14

6  Fed. R. Evid. 201(b) .......................................................................................... 2, 3

7  Fed. R. Evid. 201(b)(2) ................................................................................... 11

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **INTRODUCTION**

Defendants' Opposition confirms the very abuse Plaintiffs identified in their opening brief: the Schwartz Declaration is not a proper vehicle for limited judicial notice or incorporation-by-reference. It is an effort to import Defendants' competing factual narrative into a Rule 12 and anti-SLAPP motion on the pleadings ("Mot.") and to have the Court resolve factual disputes in Defendants' favor at the pleading stage.

Rather than addressing the Ninth Circuit's clear admonition in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), Defendants embrace precisely the tactic *Khoja* forbids. They seek to use:

- Arguments by Plaintiffs' counsel to establish lack of causation;
- Selective deposition excerpts to show the testimony was "equivocal";
- A press release and settlement order to establish inquiry notice;
- News articles to establish public-figure status and dispute damages; and
- A factual finding in a committee report to establish legislative intent.

Each use is improper at the pleading stage. Judicial notice permits courts to recognize the existence of certain public records—not to accept their contents as true or to draw inferences against the complaint. Incorporation-by-reference does not allow a defendant to cherry-pick fragments of a transcript to contradict well-pled allegations. And Rule 12 does not permit courts to resolve factual disputes or adopt defendants' competing interpretations.

This Court already rejected the same arguments in *SEC v. Left*, No. 24-cv-6311-SPG-JC, 2025 WL 2684201 (C.D. Cal. Apr. 22, 2025). Nothing in Defendants' Opposition ("Opp.") distinguishes that ruling. The Schwartz Declaration should be stricken in full, and the arguments dependent on it disregarded.

1

## <u>ARGUMENT</u>

2

### I.    DEFENDANTS CONFIRM THAT THE SCHWARTZ DECLARATION IS DESIGNED TO DISPUTE THE COMPLAINT.

3

4

Defendants insist they seek notice of documents only for their "existence," not for the truth of matters asserted. But their Opposition reveals the opposite. They repeatedly rely on the contents of those documents to establish the factual underpinnings of their substantive defenses that:

5

6

7

- Plaintiffs' injuries flow from the DOJ and SEC investigations rather than Defendants' defamatory statements;

8

9

- Plaintiffs were on inquiry notice of the defamation in June 2024;

10

11

- Mr. Left is a public figure; and

12

- The deposition testimony was "equivocal" and therefore not false.

13

Those are not neutral acknowledgments of existence. They are merits-based arguments grounded in truth or falsity and the factual interpretation of extrinsic materials. These arguments seek to have this Court weigh purported facts—*in Defendants' favor*—before discovery and trial. That is exactly what *Khoja* warns against.

14

15

16

17

Judicial notice is limited to facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). It does not permit courts to adopt a defendant's interpretation of a public record where that interpretation contradicts the complaint. Nor does incorporation-by-reference allow a defendant to insert its own version of events to defeat otherwise plausible claims. *Khoja*, 899 F.3d at 1002.

18

19

20

21

22

The problem is not whether the materials are authentic; it is that Defendants rely on them to dispute well-pled allegations and to draw factual inferences in their favor. That is precisely what Rule 12 and *Khoja* forbid.

23

24

25

26

27

28

1

**A.    The Exhibits Are Not Subject to Judicial Notice or Are Improperly Offered for Their Truth.**

2

1.    The Court Filings Cannot Be Used to Establish Defenses.

3    Defendants seek judicial notice of the Indictment, SEC Complaint, and briefs

4    filed in those proceedings. While courts may take notice of the *existence* of filings in

5    related cases, that principle is narrow. Defendants do not dispute that courts may not

6    use judicial notice as a vehicle to treat litigation positions as admissions (Mot. to

7    Strike Schwartz Decl. 4), but claim they merely "ask the Court to notice these filings

8    … because they reflect what Plaintiffs told Judge Hatter about the Indictment" and

9    "what has and what has not been put at issue in" the SEC case. Opp. 5–7. Not true.

10    Defendants do not simply want this Court to conclude that Plaintiffs said or didn't say

11    something to Judge Hatter or this Court; they want the Court to draw *factual*

12    *inferences about causation* from arguments made by counsel in other settings

13    concerning other motions involving other issues.

14    Specifically, Defendants ask this Court to: judicially notice some briefs

15    Defendants cherry-picked out of many filed in those cases, ascribe positions to

16    Plaintiffs based on Defendants' interpretations of the (non-)arguments therein, and

17    conclude from those interpretations that Plaintiffs "judicially admitted" (Mot. 5)

18    certain facts—namely, that the SEC did not sue Plaintiffs, and the DOJ did not charge

19    Mr. Left, in whole or in part because of Defendants' defamatory statements. Putting

20    aside the relevance of that issue (causation), Defendants are improperly asking the

21    Court to draw *factual conclusions* from attorney argument in Plaintiffs' briefs in

22    other matters. That is something the Court cannot do.

23    Courts may only judicially notice facts "not subject to reasonable dispute." Fed.

24    R. Evid. 201(b). "Pleadings and briefing are the epitome of disputed facts," and thus

25    "are not proper subjects of judicial notice." *E. Bay L. v. Ford Motor Co.*, 2016 WL

26    777831, at *2 (N.D. Cal. 2016) (declining to take judicial notice of "the two class

27

28

- 3 -

1   action complaints and the contents of Defendant's brief to the Ninth Circuit"), *aff'd*,

2   697 F. App'x 533 (9th Cir. 2017).

3               2.    The Committee Report Is Offered for a Disputable Interpretation.

4           Defendants argue they "do not seek judicial notice of the Committee Report for

5   the truth of statements therein, but rather to inform the Court of the legislative history

6   and intent underlying" Cal. Civ. Code § 47(b)(5). Opp. 7. Defendants are missing the

7   point. Plaintiffs do not contest that certain legislative history materials may be

8   judicially noticed; they take issue with the reliance on factual findings *within* those

9   cherry-picked materials to establish what the legislature **actually intended**, which is

10  precisely what Defendants are doing here. They rely exclusively on a **factual**

11  **assertion** by "author" in the comment section of the committee report that "the 911

12  emergency system was being 'used to harass people of color … and put[ting] law

13  enforcement in danger by requiring them to arrive at a tense, racially charged situation

14  in which they would not otherwise intervene.'" Mot. 11.

15          Whether the statute is as limited as Defendants contend—based on the one

16  document Defendants have chosen to present to the Court—is a question not subject

17  to judicial notice. To the extent Defendants seek to rely on legislative history, they

18  may argue (and have argued) statutory construction in their briefing. What they may

19  not do is transform contested commentary into indisputable fact under the guise of

20  "judicial notice." *See Ridenour v. Collins*, 692 F. Supp. 2d 827, 830 (S.D. Ohio 2010)

21  (declining to take judicial notice of legislative testimony because, while the "fact that

22  they testified before the Ohio Senate committee may not be open to dispute, the

23  contents of their testimony … evince considerable dispute").

24          The impropriety of considering the legislative history of the California

25  litigation-privilege carveout for false reports to law enforcement in support of an anti-

26  SLAPP special motion to strike (ECF No. 36) is confirmed by the recent Supreme

27

28                                              - 4 -

1    Court decision in *Berk v. Choy*, 607 U.S. ----, 2026 WL 135974 (Jan. 20, 2026). In

2    *Berk*, the Supreme Court addressed a state-law screening mechanism—requiring

3    plaintiffs suing for medical malpractice to provide an affidavit of merit from a

4    physician accompanying a complaint—analogous to the California anti-SLAPP rules

5    that seeks to impose a pleading burden on a plaintiff higher than that imposed by

6    Rule 8 of the Federal Rules of Civil Procedure. The Supreme Court ruled that when a

7    state statute and Federal Rule answer the "same question" and conflict, the Federal

8    Rules displace the state law pursuant to the Rules Enabling Act, even if the state law

9    is substantive. *Id*. at *6–7.

10       This Supreme Court case effectively prohibits the application of California's

11   anti-SLAPP rules in federal court. *See Gopher Media LLC v. Melone*, 154 F.4th 696,

12   710–11 (9th Cir. 2025) (Judge Bress's concurrence explaining why California's anti-

13   SLAPP laws answer the same question as Rule 8 and therefore cannot be applied in

14   federal court). Specifically, and as it relates to affirmative defenses such as

15   California's litigation privilege, to the extent that the Defendants are arguing that this

16   Court should consider, as part of their special motion to strike filed under Cal. Code

17   Civ. P. § 425.16 (ECF No. 36 at 9–11), their affirmative "litigation privilege" defense,

18   that conflicts with both Federal Rules of Civil Procedure 8 and 12.

19       Under Rule 8, "the plaintiff is not required to plead the 'subject of an

20   anticipated affirmative defense,'" but rather "the defendant [] bears the burden of

21   pleading and proving an affirmative defense," generally in the defendant's answer.

22   *Williams-Sonoma, Inc. v. Amazon.com, Inc.*, 627 F. Supp. 3d 1072, 1079 (N.D. Cal.

23   2020) (quoting *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013)).

24   Thus, to dismiss a claim based on an affirmative defense under Rule 12, the defendant

25   "must establish 'beyond controversy'" that "'all the ingredients of an impenetrable

26   defense'" are "'obvious … on the face of the complaint,'" and there are "'no disputed

27

28

issues of fact'"—which occurs only in "'rare cases.'" *Id.* at 1079, 1083–84 (quoting Ninth Circuit cases). Relying on a single piece of purported legislative history to prove, at the motion to dismiss phase, that the litigation privilege applies, is precisely the type of fact-finding that Rules 8 and 12, as explained by *Berk*, prohibit.

3.    The SEC Press Release and Settlement Order Cannot Resolve the Factual Question of Whether Plaintiffs Had Inquiry Notice.

Defendants' statute-of-limitations argument depends on an SEC press release and settlement order. They contend Plaintiffs "should have known" of the defamatory statements in June 2024. But inquiry notice under the discovery rule is fact-intensive. It cannot be resolved on a motion to dismiss unless the complaint itself establishes untimeliness. Here, the Complaint alleges Plaintiffs first learned of the defamatory statements in 2025. Judicial notice of the existence of a press release does not authorize the Court to determine that Plaintiffs should have discovered their claims at a particular time. Yet that is precisely what Defendants ask the Court to do.

Accepting Defendants' theory would require the Court to make no less than *six* factual assumptions that Plaintiffs: (1) discovered a press release that does not mention them; (2) read the press release despite it seemingly having no relevance to them; (3) clicked a hyperlink within the release leading to a settlement order; (4) read the settlement order; (5) deduced they were "Individual A" and "Short Publisher A"; and (6) deduced the SEC's conclusions about "Individual A" and "Short Publisher A" were based on Defendants' false statements, as opposed to any other potential source of evidence. That chain of inference contradicts the Complaint and raises factual disputes inappropriate for a Rule 12 motion. *See, e.g., Augustine v. Lenovo (United States), Inc.*, 2023 WL 4938050, at *2 & n.1 (S.D. Cal. 2023) (declining to judicially notice the defendant's exhibits because "Defendant's consent defense turns on the outcome of multiple factual disputes such as whether Plaintiff actually saw and interacted with the pop-up and whether Plaintiff viewed the privacy policy").

Defendants misunderstand the nature of Plaintiffs' argument in opposition to judicially noticing the press release and settlement order as not addressing the Request for Judicial Notice but further disputing Defendants' limitations defense. Opp. 8 n.5. As Plaintiffs explained in their Motion to Strike, "[a]s with evidence generally, the document to be judicially noticed must be *relevant* to an issue in the case." *Koi Design, LLC v. Mark's Work Wearhouse*, 2010 WL 11508546, at *8 (C.D. Cal. 2010) (emphasis in original). Accordingly, discussing relevance is fair game in opposing a request for judicial notice. Plaintiffs made the unrebutted argument that a press release alone is not enough for inquiry notice under the discovery rule as a matter of law. Mot. to Strike Schwartz Decl. 6. But Defendants proffer the SEC press release (which links to the settlement order) solely for the purpose of showing Plaintiffs were on inquiry notice under the discovery rule. Mot. 13. The materials are thus irrelevant to their argument, and because they are irrelevant, they cannot be judicially noticed.

### 4.    The News Articles Cannot Establish Public-Figure Status or Causation.

Defendants seek judicial notice of two news articles. Courts may judicially notice that an article was published, but may not accept the truth of statements therein. Defendants claim that is not what they are asking; rather, they are only seeking to "establish[] when the market became aware of the information contained in those materials." Opp. 9. In so doing, Defendants appear to have abandoned their argument that the articles establish that Mr. Left actually *is* a public figure (and therefore must show malice) and actually *was* injured before they made the defamatory statements (and therefore failed to show the statements caused all of his damages). Mot. 17–19. A court cannot reach those conclusions without accepting the articles for their truth, as "[t]he mere fact that [Mr. Left] was mentioned in news articles … is insufficient to transform him into a 'public figure,'" *Henley v. Jacobs*, 2019 WL 8333524, at *13 (N.D. Cal. 2019), or to show the news coverage was the sole cause of his injury.

1    But Defendants' alternate "market awareness" explanation for the proffer

2    renders the news articles irrelevant, and so they cannot be judicially noticed anyway.

3    This is not the SEC case; not a single issue in this case turns on "when" the "market"

4    became "aware" that information was published about Mr. Left. Defendants cite no

5    caselaw to show otherwise.

6    **B.    <u>The SEC Deposition Excerpts Cannot Be Incorporated by Reference
      and Are Offered for an Improper Purpose.</u>**

7

8        1.    <u>The Selective SEC Deposition Excerpts Cannot Be Incorporated
            by Reference.</u>

9    Defendants argue the SEC deposition transcripts are incorporated by reference

10   because the Complaint quotes portions of them. Opp. 3. That is wrong for two reasons.

11   *First*, Defendants do not dispute that the Complaint contains only limited

12   quotations from the two transcripts that they request to be incorporated. But "limited

13   quotation does not constitute incorporation by reference." *Diaz v. Century Pac. Inv.*

14   *Corp.*, 1991 WL 331372, at *5 (C.D. Cal. 1991). Courts have rejected incorporation

15   where a complaint references only limited portions of testimony transcripts. *See, e.g.*,

16   *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("Limited quotation from or reference

17   to documents that may constitute relevant evidence in a case is not enough to

18   incorporate those documents, wholesale into the complaint." (discussing hearing

19   testimony transcript quoted in complaint)).

20   *Second*, even if transcripts that are only briefly quoted in a complaint could be

21   incorporated, Defendants cannot unilaterally select nine pages out of *nearly 600* and

22   present them as the operative record. Incorporation does not permit strategic

23   excerpting to dispute facts alleged in the complaint. *See Estrada v. California Corr.*

24   *Inst.*, 2020 WL 2770063, at *5 (E.D. Cal. 2020) ("Defendants cannot pick and choose

25   portions of the allegations and exhibits in order to create a contradiction."), *report*

26   *and recommendation adopted*, 2020 WL 4586158 (E.D. Cal. 2020).

27

28
                                   - 8 -

Defendants claim they did this as not to burden the Court with "irrelevant material" (Opp. 3 n.2), but this argument makes no sense. Defendants did *not* include in their excerpts all the portions of the deposition transcripts discussed in the Complaint, which are clearly relevant. Regardless, Defendants are not the arbiter of what is or isn't relevant to this case; the Court is. And Defendants have deprived the Court of the complete record necessary to make those determinations. But all that is beside the point because the purpose of a motion to dismiss is *not* to build a complete evidentiary record, but to accept the complaint's well-pled allegations as true and rule on that basis.

 2. The Selective SEC Deposition Excerpts Cannot Be Used to Raise a Factual Dispute.

More critically, even if cherry-picked excerpts could be incorporated by reference, that does not help Defendants get around the fact that they are asking this Court to adopt ***their interpretation*** of the excerpts. Notably, Defendants do not dispute that Plaintiffs accurately quoted the testimony; they just have a different view of what it means. Incorporation does not allow the Court to accept Defendants' interpretation over the Complaint's well-pled allegations. *See, e.g.*, *Pino v. Cardone Cap., LLC*, 139 F.4th 1102, 1111 (9th Cir. 2025) ("Even assuming they were properly incorporated by reference, [defendant]'s 1-K filings do not resolve the factual dispute between the parties," and "[b]ecause inferences must be drawn in [plaintiff]'s favor at the motion to dismiss stage, [plaintiff] has plausibly alleged a claim").

Defendants claim the testimony was "equivocal"; the Complaint says it is not. Deciding who is right requires interpretation, context, and weighing of inferences—a task for a jury. *See, e.g.*, *SiteLock LLC v. GoDaddy.com LLC*, 562 F. Supp. 3d 283, 313 (D. Ariz. 2022) ("[T]he interpretation of [the] testimony presents an issue of fact that should be resolved by the jury."). That is inappropriate on a motion to dismiss. *Cf. ArubaWater Corp. v. Wells Fargo Bank, N.A.*, 703 F. Supp. 3d 995, 1001 (D. Ariz.

2023) (declining to incorporate by reference where "incorporation of this document introduces two factual disputes that are inappropriate at the pleadings stage").

### C.    Defendants Forfeited the Alternative Arguments Now Offered.

#### 1.    Defendants Have Forfeited Any Argument the Indictment and SEC Are Incorporated by Reference.

For the first time, Defendants ask the Court to deem the Indictment and SEC Complaint incorporated by reference because it quotes these documents a handful of times. Opp. 2–3; *see* Mot. to Dismiss 5 n.3 (requesting incorporation by reference of snippets of the SEC deposition transcripts but not the Indictment or SEC Complaint). They have thus forfeited that argument. *See, e.g.*, *In re Green Dot Corp. Sec. Litig.*, 2024 WL 1356253, at *3 n.2 (C.D. Cal. 2024) (declining to consider "Defendants' belated … efforts to introduce arguments regarding incorporation by reference for the first time in Defendants' Reply"); *Loftus v. Primero Mining Corp.*, 230 F. Supp. 3d 1209, 1221 (C.D. Cal. 2017) (similar).

In any event, the Complaint's brief discussion of the Indictment and SEC Complaint does not permit incorporation by reference. *See, e.g.*, *Spirit Lake Tribe v. Jaeger*, 2019 WL 13299003, at *1 (D.N.D. June 17, 2019) ("Rule 10(c) does not contemplate the incorporation by reference of statements made in a pleading in another case."); *Bejaoui v. City of New York*, 2015 WL 1529633, at *6 n.8 (E.D.N.Y. 2015) ("It does not appear that the indictment is incorporated by reference into Plaintiff's Complaint." (citing *Sira*, 380 F.3d at 67)).

#### 2.    Defendants Have Forfeited Any Argument the SEC Deposition Transcripts Are Subject to Judicial Notice.

Also, for the first time, Defendants assert in a footnote that the SEC deposition transcripts are judicially noticeable. Opp. 3 n.3; *see* Req. for Judicial Notice (no mention of SEC deposition transcripts). That argument too is forfeited. *See HsingChing Hsu v. Puma Biotechnology, Inc.*, 2016 WL 9408516, at *1 (C.D. Cal.

- 10 -

2016) (explaining that "[i]t is unusual to ask the Court to take judicial notice of a document for the first time in a reply brief" and "[t]hat rarity speaks to the impropriety of the practice … particularly [] in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)").

Defendants are also wrong. "Courts in this circuit have denied requests for judicial notice of deposition transcripts pursuant to Federal Rule of Evidence 201(b)(2)." *Greiser v. Chavez*, 2024 WL 3005898, at *3 (C.D. Cal. 2024) (collecting authorities). That includes the Ninth Circuit itself. *See Donaghe v. Gollogly*, 59 F. App'x 991, 992 n.1 (9th Cir. 2003). That is dispositive of the matter. The one case Defendants cite in support of their argument, *In re Amgen*, confused judicial notice with incorporation-by-reference and did not even involve a deposition transcript.

> 3.    Defendants Have Forfeited Any Argument the Protective Order Is Subject to Judicial Notice.

Again, for the first time, Defendants ask the Court to take judicial notice of the Protective Order in *United States v. Left*. Opp. 5–6. And once again, this newly introduced argument is forfeited.

Even if preserved, Defendants have failed to establish the relevance of the Protective Order to their Motion. *See Koi Design*, 2010 WL 11508546, at *8. The Protective Order is not mentioned in Defendants' motion, and they do not claim it supports any of their arguments. For want of relevance, it is not the proper subject of judicial notice. *Cf. Ramirez v. County of Riverside*, 2022 WL 4227555, at *5 n.2 (C.D. Cal. 2022) (denying defendant's request for judicial notice "because it fail[ed] … adequately [to] explain why the[] [proffered] documents, let alone which facts contained within the[] documents, [we]re relevant for purposes of a Rule 12(b)(6) motion"), *report and recommendation adopted*, 2022 WL 4225384 (C.D. Cal. 2022).

- 11 -

## II.     IF THE COURT CONSIDERS THESE MATERIALS, RULE 12(d) AND *PLANNED PARENTHOOD* REQUIRE DISCOVERY.

Defendants dismiss Plaintiffs' Rule 12(d) argument (Opp. 9–10), but the Rule is clear: if matters outside the pleadings are considered, the motion must be treated as one for summary judgment and the plaintiff given the opportunity for discovery. The same principle applies to anti-SLAPP motions challenging factual sufficiency. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018). Defendants cannot both introduce extensive extrinsic evidence and deny Plaintiffs the procedural safeguards that accompany such evidence.

## III.    DEFENDANTS' LOCAL RULE 7-3 ARGUMENT SHOULD BE REJECTED.

The Court should decline Defendants' invitation (buried in a footnote) to disregard Plaintiffs' Motion for being filed five, instead of seven, days after the parties met and conferred. Opp. 1 n.1. Plaintiffs of course strive to comply with this Court's Local Rules and Standing Order, but in this instance, Defendants have identified no prejudice from the two-day delay to warrant such a severe sanction. Plaintiffs fully previewed the Motion's arguments in good faith via videoconference, and Defendants disagreed. Because "it appears that a meet and confer conference would have been unlikely to resolve the issues before the Court and the parties were able to adequately brief them … neither party suffered prejudice due to any alleged noncompliance with Local Rule 7-3, [and] the Court [may] proceed[] to consider the merits." *Higgins v. Am. Bottling Co.*, 2022 WL 13811816, at *3 (C.D. Cal. 2022) (collecting cases).

Further, as Defendants well know, Plaintiffs could have filed an opposition to the Request for Judicial Notice without giving notice or disclosing their arguments to Defendants. Even if the Motion is construed as an opposition, the result should be the same: striking the Schwartz Declaration and disregarding arguments premised on it.

Moreover, Plaintiffs' counsel reviewed their correspondence with Defendants and contemporaneous notes from their meet-and-confer on Defendants' Special

- 12 -

Motion to Strike and Motion to Dismiss, and they do not reflect that Defendants *ever* gave notice of or conferred with Plaintiffs about their Request for Judicial Notice. Defendants are therefore estopped from invoking Local Rule 7-3.

Last, Defendants themselves "violated the Local Rules by filing the 'Request' for judicial notice as "[t]here are no 'Requests' contemplated by the Local Rules." *Sulaiman v. Noem*, 2026 WL 127805, at *1 (C.D. Cal. 2026). Defendants were required to, but did not, file "a noticed motion in compliance with the applicable Local Rules," which renders their "Request" "procedurally improper." *Id.* If Plaintiffs' Motion should be stricken, then Defendants' Request for Judicial Notice must be too. *See, e.g.*, *Poe v. Nw. Mut. Life Ins. Co.*, 2022 WL 2046190, at *5 (C.D. Cal. 2022) ("The Court does not entertain 'requests'" and accordingly "strikes [the] filing for failure to comply with the Local Rules").

## CONCLUSION

For these additional reasons, Plaintiffs respectfully request that the Court strike the Schwartz Declaration in its entirety and disregard all arguments premised upon it.

The Schwartz Declaration is not a neutral compendium of public records. It is a litigation device designed to import disputed facts and Defendants' preferred interpretations into a Rule 12 and anti-SLAPP motion that Defendants concede should be based on the pleadings. The Ninth Circuit has expressly warned against such tactics, and this Court has already rejected them in closely related litigation. Moreover, to the extent Defendants' argument relies upon provisions contained in California's anti-SLAPP statutes, that argument is now foreclosed by *Berk*.

Judicial notice and incorporation-by-reference are narrow doctrines. They are not vehicles for factual adjudication at the pleading stage. Because the Schwartz Declaration exceeds those limits, Plaintiffs respectfully request that the Court:

1.     Strike the Declaration of Robert M. Schwartz and Exhibits 1–14 in their entirety, and disregard all arguments in Defendants' Motion that depends on those materials; or

2.     Alternatively, if the Court elects to consider any extrinsic materials, convert the motion under Rule 12(d) and permit appropriate discovery.

Dated: February 11, 2026

/s/ Eric S. Rosen
Eric S. Rosen (*pro hac vice*)
Michael B. Homer (*pro hac vice*)
Yusef Al-Jarani

**DYNAMIS LLP**

*Attorneys for Plaintiffs Andrew Left and Citron Capital, LLC*

## **CERTIFICATE OF COMPLIANCE**

I certify, as counsel for Plaintiffs Andrew Left and Citron Capital, LLC, that this memorandum of points and authorities contains 4,092 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 11, 2026                           */s/ Yusef Al-Jarani*
                                                                    Yusef Al-Jarani

- 15 -