QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert M. Schwartz (Bar No. 117166)
    robertschwartz@quinnemanuel.com
  Bomie Lee (Bar No. 356618)
    bomielee@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

  William Burck (*pro hac vice*)
    williamburck@quinnemanuel.com
  Kurt Wolfe (*pro hac pending*)
    kurtwolfe@quinnemanuel.com
  Kristin Casey (*pro hac vice*)
    kristincasey@quinnemanuel.com
555 13th Street, NW
Washington, DC 20004
Telephone: (202) 538-8000
Facsimile:  (202) 538-8100

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANDREW LEFT and CITRON CAPITAL, LLC,<br><br>              Plaintiffs,<br><br>vs.<br><br>ANSON FUNDS MANAGEMENT LP, ANSON ADVISORS, INC., MOEZ KASSAM, and SUNNY PURI,<br><br>              Defendants. | Case No. 2:25-cv-10432-SPG-AYP<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE. *BERK v. CHOY*, 607 U.S. __ (2026)**<br><br>Judge: Hon. Sherilyn Peace Garnett<br>Hearing Date:      March 4, 2026<br>Hearing Time:     1:30 p.m.<br>Location:            Courtroom 5C |

1    For the reasons set forth below, the Court should deny Plaintiffs' request to
2 read *Berk v. Choy*, 607 U.S. __, 2026 WL 135974 (Jan. 20, 2026), as having silently
3 barred California's anti-SLAPP statute in federal court.
4    ***First***, the Supreme Court did not hold that anti-SLAPP motions are
5 unavailable in federal court.  It held only that a federal court cannot enforce a state
6 law that requires a medical malpractice plaintiff to file supporting expert testimony
7 with the complaint.  *Id.* at *2.
8    Plaintiffs insist that California's anti-SLAPP statute is analogous.  It is not.
9 Although an anti-SLAPP motion filed in state court ***can*** require a plaintiff to present
10 prima facie evidence of the claim, the Ninth Circuit has held this may not be done in
11 federal court unless it is treated as a Rule 56 motion with discovery; otherwise, the
12 motion is treated as a Rule 12(b)(6) motion raising only questions of law.  *Planned*
13 *Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th
14 Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018).  This remains the law.  *Gopher*
15 *Media LLC v. Melone*, 154 F.4th 696, 702–03 (9th Cir. 2025) (continuing to allow
16 anti-SLAPP motions, subject to previously recognized limits).  Plaintiffs point to
17 Judge Bress's concurrence in *Gopher*, but a concurrence is not binding.
18   ***Second***, Defendants made clear that their Special Motion to Strike challenges
19 only the legal sufficiency of the pleadings and that Plaintiffs bear the same burdens
21 as under Rule 12(b)(6).  ECF No. 36 at 7.  That avoids the issue reviewed in *Berk*.
22 Plaintiffs' argument is purely academic.
22   ***Third***, the litigation privilege is not an affirmative defense to a defamation
22 claim.  To be defamatory, a statement must be "unprivileged."  Cal. Civ. Code
25 §§ 45–46.  Regardless, the litigation privilege may be raised as an affirmative
26 defense under Rule 8 and resolved under Rule 12.  *Mandel v. Hafermann*, 503 F.
27 Supp. 3d 946, 964 (N.D. Cal. 2020) (Rule 12(b)(6) standard applied to litigation
28 privilege at second step of anti-SLAPP analysis).

*Fourth*, this Circuit continues to award attorneys' fees to prevailing defendants on a special motion to strike. *See, e.g.*, *Woulfe v. Universal City Studios LLC*, 2024 WL 1110914, at *2–*3 (C.D. Cal. Feb. 8, 2024). Given that Rules 8, 12, and 56 do not bear directly on anti-SLAPP fee-shifting, *Erie* requires that this substantive state law govern. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972–73 (9th Cir. 1999); *see also Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973–74 (9th Cir. 2013).

*Fifth*, Plaintiffs forfeited this argument. *Berk* was decided on January 20—six days before Plaintiffs filed their Opposition, ECF No. 49. Yet Plaintiffs did not argue that *Berk* bars California's anti-SLAPP law, despite Local Rule 7-9 requiring them to set forth all grounds for opposition. The argument is waived. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011). Plaintiffs' attempt to resurrect it is improper.

DATED:  February 16, 2026      Respectfully submitted,

        QUINN EMANUEL URQUHART
         & SULLIVAN, LLP


By */s/ Robert M. Schwartz*
    Robert M. Schwartz
   Attorney for Defendants

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 499 words, which complies with the 500 word limit in the Court's Order, ECF No. 74.

DATED: February 16, 2026         QUINN EMANUEL URQUHART
                                  & SULLIVAN, LLP


                                  By */s/ Robert M. Schwartz*
                                      Robert M. Schwartz
                                      Attorney for Defendants