

U.S. DEPARTMENT OF JUSTICE

CRIMINAL DIVISION

*Fraud Section*

1400 New York Ave. NW
Washington, D.C. 20530

March 10, 2026

**VIA E-MAIL**

Eric S. Rosen, Esq.
DYNAMIS LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Mobile: (646) 541 8484
Work: (617) 802-9157
Email: erosen@dynamisllp.com
*Counsel for Plaintiffs*

   Re: *Andrew Left, et al., v. Anson Funds Management LP, et al.,* Case No. 2:25-cv-10432

Dear Counsel,

  We understand that during the hearing on the motion to dismiss in the above-captioned matter (the "civil case"), plaintiffs were ordered to obtain the government's position regarding whether it intended to file a motion to intervene and seek a stay. In the government's view, while a motion for a stay could be appropriate at this juncture, the factors warranting a stay are most acute with regard to potential deposition practice in the civil case. See SEC v. Downe, No. 92 CIV. 4092 (PKL), 1993 WL 22126, at *13 (S.D.N.Y. Jan. 26, 1993) ("[A] stay of discovery is often necessary where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, a potential criminal prosecution which parallels the subject matter of the civil action.")

  In order to minimize motion practice, conserve judicial resources, and minimize the delay in the civil case, the government has engaged in good faith discussions with plaintiffs' counsel concerning the government's position regarding a stay. As discussed, based on the plaintiffs' agreement that no third-party depositions will be taken prior to the commencement of the criminal trial,[1] at this time, the government does not intend to seek a stay in the civil action. See SEC v. Holcom, No. 12-CV-1623-H (JMA), 2013 WL 12073831, at *3 (S.D. Cal. Sept. 6, 2013) ("Developments in the criminal case may lessen the Government's concern about the civil discovery process.") Further, the government's position is based on the plaintiffs' agreement that, should the civil case proceed to depositions beyond the named defendants prior to the commencement of the criminal trial, plaintiffs will not assert that a subsequent motion to intervene and stay discovery should be denied based on: (*i*) any delay in the government's

---

[1] United States v. Left, 24-cr-456-VAP (C.D. Cal.). Trial is scheduled to commence on May 11, 2026.

motion to intervene and stay discovery, or (*ii*) that the government did not move to intervene in and stay the matter during document discovery or party depositions.  See Holcom, 2013 WL 12073831, at *2 (finding action timely where parties had "engaged in little, if any, discovery").  The Government reserves all rights to amend its position based on future developments in either the civil or criminal case as well as any change in the circumstances or failure by the plaintiffs in the civil case to adhere to the parties' understanding.

Please let us know promptly if we have not accurately captured your position or our agreement in this letter.  We are available to answer any questions or to confer further.

Sincerely,

/s/

| | |
|---|---|
| BILAL A. ESSAYLI<br>First Assistant United States Attorney<br>Central District of California | LORINDA I. LARYEA<br>Chief<br>Fraud Section |
| **Alexander B. Schwab**<br>**Benedetto Balding**<br>**Andrew Roach**<br>Assistant United States Attorneys<br>UNITED STATES ATTORNEY'S OFFICE<br>Central District of California<br>alexander.schwab@usdoj.gov | **Lauren Archer**<br>Senior Counsel<br>**Matthew Reilly**<br>Acting Assistant Chief<br>UNITED STATES DEPARTMENT OF JUSTICE<br>Criminal Division, Fraud Section<br>1400 New York Ave. NW<br>Washington, D.C. 20005<br>matthew.reilly2@usdoj.gov<br>lauren.archer2@usdoj.gov |

CC: Alex Rossmiller, alexrossmiller@quinnemanuel.com
      *Counsel for Defendants*