QUINN EMANUEL URQUHART &
SULLIVAN, LLP
  Robert M. Schwartz (Bar No. 117166)
    robertschwartz@quinnemanuel.com
  Bomie Lee (Bar No. 356618)
    bomielee@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

  William Burck (*pro hac vice*)
    williamburck@quinnemanuel.com
  Kurt Wolfe (*pro hac vice*)
    kurtwolfe@quinnemanuel.com
  Kristin Casey (*pro hac vice*)
    kristincasey@quinnemanuel.com
555 13th Street, NW
Washington, DC 20004
Telephone:   (202) 538-8000
Facsimile:   (202) 538-8100

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANDREW LEFT and CITRON CAPITAL, LLC,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ANSON FUNDS MANAGEMENT LP, ANSON ADVISORS, INC., MOEZ KASSAM, and SUNNY PURI,<br><br>    Defendants. | Case No. 2:25-cv-10432-SPG-AYP<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>Judge: Hon. Sherilyn Peace Garnett |

**PRELIMINARY STATEMENT**

Defendants Anson Funds Management LP ("Anson Funds"), Anson Advisors, Inc. ("Anson Advisors"), Moez Kassam ("Kassam"), and Sunny Puri ("Puri") (collectively, "Defendants") answer the Second Amended Complaint ("SAC") of Plaintiffs Andrew Left ("Left") and Citron Capital, LLC ("Citron") (collectively, "Plaintiffs").

The headings and subheadings in the SAC are not allegations of fact and require no response.  To the extent a response is required, Defendants deny the allegations those headings and subheadings contain.  Except as expressly admitted herein, Defendants deny each and every allegation in the SAC.  Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts.  Defendants base their responses on their knowledge as to their own activities.

Responding to the specifically numbered paragraphs of the SAC, and using the corresponding paragraph numbers, Defendants state as follows:

**NATURE OF THE ACTION**

1.      Defendants admit that Andrew Left purports to be a short seller. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and on that basis deny them.

2.      Defendants admit that Left has called Namaste Technologies, Inc. ("Namaste") a "fraud."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis deny them.

3.      Defendants admit that Namaste is a Canadian company and that Left represented to Defendants that he could not borrow Namaste shares.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis deny them.

1

4.      Defendants admit that Moez Kassam is the Co-Founder, Chairman, and Chief Investment Officer of Anson Advisors, Inc.—a corporation that has a Toronto branch licensed to trade equities in Canada.  Defendants deny the remaining allegations in Paragraph 4.

5.      Defendants admit that in or about September and October 2018, Left, through Citron, published a short report concerning Namaste.  Defendants deny the remaining allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants deny the allegations in Paragraph 7.

8.      To the extent Paragraph 8 purports to characterize the Anson Chief Financial Officer's ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ speaks for itself.  Defendants deny the allegations in Paragraph 8.

9.      Defendants admit that Moez Kassam and Sunny Puri are Anson executives and that Anson paid the ▮▮▮▮▮▮▮▮▮▮ ▮▮▮ for purported research services.  Defendants deny the remaining allegations in Paragraph 9.

10.     Defendants admit that Anson was investigated by the SEC and that the scope of the SEC's investigation included matters relating to Left.  Defendants deny the remaining allegations in Paragraph 10.

11.     Defendants admit that Anson (including Puri) received a ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs were sent a *Wells* notice by the SEC in the fall of 2023, and on that basis deny the allegation.  Defendants deny the remaining allegations in Paragraph 11.

12.     Defendants admit that Anson resolved the SEC investigation through an Order Instituting Administrative and Cease-and-Desist Proceedings, Pursuant to Sections 203(e) and 203(k) of the Investment Advisers Act of 1940 (the "SEC Administrative Proceeding"), and that the Department of Justice ("DOJ") did not

ultimately pursue its investigation into or charge Anson.  Defendants admit that Anson resolved the SEC Administrative Proceeding without admitting or denying the SEC's findings and that Anson Funds Management LP and Anson Advisors, Inc. together paid civil monetary penalties of around $2,250,000 to resolve the matter. Defendants deny the remaining allegations in Paragraph 12.

13.    Defendants admit that Left was charged in a civil complaint by the SEC and indicted by the DOJ.  To the extent Paragraph 13 purports to characterize the SEC complaint or the DOJ indictment that names Left as a defendant, the filings speak for themselves.  Defendants deny the remaining allegations in Paragraph 13.

14.    Defendants deny the allegations in Paragraph 14.

15.    Defendants admit that Left has been indicted by a federal grand jury, that Plaintiffs have been sued by the SEC, and that Left faces a potential prison sentence following a guilty verdict.  Defendants deny the remaining allegations in Paragraph 15.

**PARTIES**

16.    Defendants admit that Plaintiff Andrew Left purports to be a short seller.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis deny them.

17.    Defendants admit that Plaintiff Citron Capital, LLC is an investment adviser affiliated with Left.  Defendants further admit that Left, through Citron, published research reports on companies through the Citron Research website and Twitter/X account.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and on that basis deny them.

18.    Defendants admit that Defendant Anson Funds Management LP is a limited partnership organized under the laws of Texas, with its principal place of business in Dallas, Texas.  Defendants further admit that Anson Funds has been

registered with the SEC as an investment adviser since 2012.  Defendants deny the remaining allegations in Paragraph 18.

19.    Defendants admit that Defendant Anson Advisors, Inc. is a corporation organized under the laws of Ontario, Canada, with its principal place of business in Toronto, Ontario, Canada.  Defendants further admit that Anson Advisors is registered with the Ontario Securities Commission and has reported to the SEC as an exempt reporting adviser since 2013.  Defendants deny the remaining allegations in Paragraph 19.

20.    Defendants admit that Anson Funds and Anson Advisors are co-investment advisers of several privately pooled investment vehicles and that they resolved the SEC Administrative Proceeding.  Defendants deny the remaining allegations in Paragraph 20.

21.    Defendants admit that Defendant Moez Kassam is the Co-Founder, Chairman, and Chief Investment Officer at Anson and resides in Toronto, Ontario, Canada.

22.    To the extent Paragraph 22 purports to characterize Defendant Sunny Puri's biography on an Anson webpage, the webpage speaks for itself.  Defendants admit that Puri is the Co-Head of Investments at Anson and resides in Toronto, Ontario, Canada.

23.    Defendants admit that non-party SEC is a civil law enforcement agency charged with enforcing U.S. securities laws.

24.    Defendants admit that non-party DOJ is a criminal law enforcement agency that, as relevant here, conducts investigations in parallel and jointly with the SEC to enforce U.S. securities laws.

## JURISDICTION AND VENUE

25.    Paragraph 25 states a legal conclusion that requires no response.  To the extent a response is required, Defendants do not contest subject-matter jurisdiction

for the purposes of this action.  Defendants deny the remaining allegations in Paragraph 25.

26.    Paragraph 26 states a legal conclusion that requires no response.  To the extent a response is required, Defendants do not contest venue in this District for the purposes of this action.  Defendants deny the remaining allegations in Paragraph 26.

27.    Paragraph 27 states a legal conclusion that requires no response.  To the extent a response is required, Defendants do not contest personal jurisdiction for the purposes of this action.  Defendants deny the remaining allegations in Paragraph 27.

## GENERAL ALLEGATIONS

**A.    The SEC Investigates Defendants for Securities Law Violations**

28.    Defendants deny the allegations in Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29.

30.    Defendants deny the allegations in Paragraph 30.

31.    Defendants deny the allegations in Paragraph 31.

32.    Defendants deny the allegations in Paragraph 32.

33.    Defendants lack knowledge or information sufficient to form a belief as to what Left was aware or unaware of, and on that basis deny the allegation. Defendants deny the remaining allegations in Paragraph 33.

**B.    Defendants Approach Left and Offer to Short Namaste Stock**

34.    Defendants admit that Left has known Kassam and Puri for years and that they exchanged messages and communicated, including about various companies.

35.    To the extent Paragraph 35 purports to characterize any correspondence between Puri and Left, the correspondence speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis deny them.

36.    Defendants admit that Left represented to them that he believed Namaste was a "fraud" and that he could not borrow Namaste shares.  Defendants

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and on that basis deny them.

37.    To the extent Paragraph 37 purports to characterize any correspondence between Kassam and Left, the correspondence speaks for itself.  Defendants admit that on or about September 11, 2018, Kassam emailed Left about a "pledge party" featuring Snoop Dogg that Namaste was hosting in Montreal, Canada for those who pledged not to sell Namaste stock.  Defendants further admit that Kassam believed the party was a "pump-and-dump" scheme.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis deny them.

39.    Defendants admit that Left expressed to Kassam his disappointment that he could not borrow shares of Namaste's stock in order to short it.

40.    To the extent Paragraph 40 purports to characterize any correspondence between Kassam and Left, the correspondence speaks for itself.  Defendants deny the allegations in Paragraph 40.

41.    To the extent Paragraph 41 purports to characterize Kassam's ██████████████████ speaks for itself.  Defendants deny the allegations in Paragraph 41.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis deny them.

43.    Defendants deny the allegations in Paragraph 43.

44.    To the extent Paragraph 44 purports to characterize any correspondence between Kassam and Puri, the correspondence speaks for itself.  Defendants deny the allegations in Paragraph 44.

**C.    Defendants and Left Collaborate on a Research Report on Namaste**

45.    Defendants deny the allegations in Paragraph 45.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and on that basis deny them.

47.     To the extent Paragraph 47 purports to characterize Kassam's testimony in a separate foreign proceeding, the testimony speaks for itself. Defendants admit that Left wrote his own research reports. Defendants deny the remaining allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants admit that on or about September 13, 2018, Left published his report on Namaste's fraud on Citron's website and Twitter. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and on that basis deny them.

**D.      Defendants Arrange to Pay Left via ▮▮▮▮▮▮ to a Third Party**

50.     Defendants admit that Namaste's stock price eventually fell to near $0. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, and on that basis deny them.

51.     Defendants admit that Anson Investments Master Fund LP earned a profit from shorting Namaste stock, and that Plaintiffs received a share of the Namaste trading proceeds. Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     To the extent Paragraph 53 purports to characterize Kurt Feshbach's ("Feshbach") ▮▮▮▮▮▮▮▮ speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis deny them.

54.     To the extent Paragraph 54 purports to characterize Tony Moore's ("Moore") ▮▮▮▮▮▮▮▮ speaks for itself. Defendants deny the allegations in Paragraph 54.

55.     Defendants lack knowledge or information sufficient to form a belief as to what, if anything, Feshbach communicated to Left regarding the ▮▮▮, and on

that basis deny the allegation.  Defendants deny the remaining allegations in Paragraph 55.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and on that basis deny them.

57.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and on that basis deny them.

58.    To the extent Paragraph 58 purports to characterize Moore's ███████ ████████████████████ speaks for itself.  Defendants deny the allegations in Paragraph 58.

59.    Defendants admit the existence of the emails alleged in Paragraph 59. To the extent Paragraph 59 purports to characterize any correspondence involving Moore and Amin Nathoo ("Nathoo"), the correspondence speaks for itself.

60.    Defendants admit the existence of the invoice alleged in Paragraph 60. To the extent Paragraph 60 purports to characterize any ████████████████ ████████ speaks for itself.

61.    Defendants admit the existence of the email alleged in Paragraph 61. To the extent Paragraph 61 purports to characterize any correspondence between Kassam and Puri, the correspondence speaks for itself.

62.    To the extent Paragraph 62 purports to characterize Moore's ███████ ████████████████ speaks for itself.  Defendants deny the allegations in Paragraph 62.

63.    Defendants admit the existence of the invoices alleged in Paragraph 63 and that they ████████████████  To the extent Paragraph 63 purports to characterize any █████████████████████████ speak for themselves. Defendants deny the remaining allegations in Paragraph 63.

64.    Defendants admit the existence of the email alleged in Paragraph 64. To the extent Paragraph 64 purports to characterize any correspondence between Moore and Nathoo, the correspondence speaks for itself.

65. Defendants admit the existence of the email alleged in Paragraph 65. To the extent Paragraph 65 purports to characterize any correspondence between Moore and Nathoo, the correspondence speaks for itself.

66. To the extent Paragraph 66 purports to characterize Moore's ███████ ████████████ speaks for itself. Defendants deny the allegations in Paragraph 66.

67. To the extent Paragraph 67 purports to characterize Moore's ███████ ████████████ speaks for itself. Defendants deny the allegations in Paragraph 67.

68. To the extent Paragraph 68 purports to characterize Moore's ███████ ████████████ speaks for itself. Defendants deny the allegations in Paragraph 68.

**E. Defendants' Motive Was to Conceal Their Conflicts of Interest**

69. Defendants deny the allegations in Paragraph 69.

70. To the extent Paragraph 70 purports to characterize Moore's ███████ ████████████ speaks for itself. Defendants deny the allegations in Paragraph 70.

71. To the extent Paragraph 71 purports to characterize Puri's ███████ ████████ speaks for itself. Defendants deny the allegations in Paragraph 71.

72. To the extent Paragraph 72 purports to characterize Kassam's ██████████████████ speaks for itself. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. To the extent Paragraph 75 purports to characterize any correspondence involving Kassam, Puri, and Left, the correspondence speaks for itself. Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis deny them.

76. To the extent Paragraph 76 purports to characterize any draft report or Puri's █████████, the draft report and ██████ speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and on that basis deny them.

77. To the extent Paragraph 77 purports to characterize any correspondence involving Kassam or Kassam's ██████████, the correspondence and ██████ speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and on that basis deny them.

78. To the extent Paragraph 78 purports to characterize any correspondence involving Kassam, the correspondence speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and on that basis deny them.

79. To the extent Paragraph 79 purports to characterize Kassam's ████████████ speaks for itself. Defendants deny the allegations in Paragraph 79.

80. To the extent Paragraph 80 purports to characterize any correspondence between Left and Puri, the correspondence speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and on that basis deny them.

81. To the extent Paragraph 81 purports to characterize Kassam's ████████████ speaks for itself. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. To the extent Paragraph 83 purports to characterize Richard Pearson's ████████████████ speaks for

itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and on that basis deny them.

84.   Defendants deny the allegations in Paragraph 84.

85.   Defendants admit the existence of the invoice and emails alleged in Paragraph 85.  To the extent Paragraph 85 purports to characterize any correspondence involving Moore, Nathoo, and Nathan Anderson, the correspondence speaks for itself.

86.   To the extent Paragraph 86 purports to characterize Kassam's testimony in a separate foreign proceeding, the testimony speaks for itself. Defendants deny the allegations in Paragraph 86.

87.   To the extent Paragraph 87 purports to characterize Kassam's testimony in a separate foreign proceeding, the testimony speaks for itself. Defendants deny the allegations in Paragraph 87.

88.   To the extent Paragraph 88 purports to characterize Kassam's testimony in a separate foreign proceeding, the testimony speaks for itself. Defendants deny the allegations in Paragraph 88.

89.   To the extent Paragraph 89 purports to characterize Kassam's testimony in a separate foreign proceeding, the testimony speaks for itself. Defendants deny the allegations in Paragraph 89.

90.   Defendants deny the allegations in Paragraph 90.

91.   Defendants deny the allegations in Paragraph 91.

92.   To the extent Paragraph 92 purports to characterize Puri's ▮▮▮▮ speaks for itself.  Defendants deny the allegations in Paragraph 92.

93.   Defendants deny the allegations in Paragraph 93.

94.   To the extent Paragraph 94 purports to characterize Kassam's ▮▮▮▮ speaks for itself.  Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

**F.    Kassam and Puri** ████████████████████████

96. Defendants admit that in or around 2018, the SEC, in parallel with the DOJ, opened an investigation entitled ████████████████ ████████████

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants admit that as part of the SEC and DOJ's investigation, the ████████████████████████████████████████ ████████████████████████ Defendants deny the remaining allegations in Paragraph 99.

100. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis deny them.

101. Defendants admit that Puri's ████████████████ ████████████████████████████████ ████████████████████████████████ ████████████ Defendants deny the remaining allegations in Paragraph 101.

102. To the extent Paragraph 102 purports to characterize Kassam's ████████████████ speaks for itself. Defendants deny the allegations in Paragraph 102.

103. To the extent Paragraph 103 purports to characterize Kassam's ████████████████ speaks for itself. Defendants deny the allegations in Paragraph 103.

104. To the extent Paragraph 104 purports to characterize Kassam's ████████████████ speaks for itself. Defendants deny the allegations in Paragraph 104.

105.    To the extent Paragraph 105 purports to characterize Kassam's ██████████████████████████ speaks for itself.  Defendants deny the allegations in Paragraph 105.

106.    To the extent Paragraph 106 purports to characterize Puri's ████████ ███████████████ speaks for itself.  Defendants deny the allegations in Paragraph 106.

107.    To the extent Paragraph 107 purports to characterize Puri's ████████ ███████████ speaks for itself.  Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.

109.    To the extent Paragraph 109 purports to characterize Puri's ████████ ███████████ speaks for itself.  Defendants deny the allegations in Paragraph 109.

110.    Defendants deny the allegations in Paragraph 110.

**G.      The SEC Investigates Anson (Again) and Fines It (Twice)**

111.    Defendants deny the allegations in Paragraph 111.

112.    To the extent Paragraph 112 purports to characterize the Order Instituting Cease-and-Desist Proceedings Pursuant to Section 21C of the Securities Exchange Act of 1934, the Order speaks for itself.  Defendants admit that Anson Advisors agreed to pay disgorgement of $2,469,109.11, prejudgment interest of $261,285.30, and a civil money penalty of $600,000 to the SEC.  Defendants deny the remaining allegations in Paragraph 112.

113.    To the extent Paragraph 113 purports to characterize the Order Instituting Administrative and Cease-and-Desist Proceedings, Pursuant to Sections 203(e) and 203(k) of the Investment Advisers Act of 1940, the Order speaks for itself.  Defendants admit that Anson Funds and Anson Advisors together paid civil monetary penalties of $2,250,000 to resolve the matter.  Defendants deny the remaining allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. To the extent Paragraph 115 purports to characterize any ███████ ████████████████████████ speak for themselves. Defendants admit that ███ ██████████████, Anson and Puri received ████████████████████. Defendants lack knowledge or information sufficient to form a belief as to any *Wells* notices issued to Plaintiffs as referenced in Paragraph 115, and on that basis deny the allegation. Defendants deny the remaining allegations in Paragraph 115.

116. To the extent Paragraph 116 purports to characterize any ██████ █████████████████████████████ speak for themselves. Defendants admit that Anson and Puri provided ███████████████ Defendants deny the remaining allegations in Paragraph 116.

117. To the extent Paragraph 117 purports to characterize any ██████ █████████████████████████████ speak for themselves. Defendants admit that Anson provided a ████████████████████████ ████████ Defendants deny the remaining allegations in Paragraph 117.

118. To the extent Paragraph 118 purports to characterize any ██████ █████████████████████████████ speak for themselves. Defendants admit that Puri provided a ████████████████████████ ████████ Defendants deny the remaining allegations in Paragraph 118.

119. To the extent Paragraph 119 purports to characterize any ██████ ████████████████████████ speak for themselves. Defendants admit that the █████████████████████████████████ Defendants deny the remaining allegations in Paragraph 119.

120. To the extent Paragraph 120 purports to characterize any ██████ █████████████████████████████ speak for themselves. Defendants admit that in or about ████████████████████ ████████████████ Defendants deny the remaining allegations in Paragraph 120.



Case No. 2:25-cv-10432-SPG-AYP
ANSWER TO SECOND AMENDED COMPLAINT

121. To the extent Paragraph 121 purports to characterize Nathoo's ███████████████████████████ speaks for itself. Defendants deny the allegations in Paragraph 121.

122. To the extent Paragraph 122 purports to characterize Kassam's testimony in a separate foreign proceeding, the testimony speaks for itself. Defendants deny the allegations in Paragraph 122.

123. To the extent Paragraph 123 purports to characterize any ██████ ████████████████████████ speak for themselves. Defendants deny the allegations in Paragraph 123.

124. To the extent Paragraph 124 purports to characterize the Order Instituting Administrative and Cease-and-Desist Proceedings, Pursuant to Sections 203(e) and 203(k) of the Investment Advisers Act of 1940, the Order speaks for itself. Defendants admit that the SEC did not charge any individuals, including Kassam or Puri, and that Anson did not admit or deny any of the SEC's allegations. Defendants deny the remaining allegations in Paragraph 124.

125. To the extent Paragraph 125 purports to characterize the Order Instituting Administrative and Cease-and-Desist Proceedings, Pursuant to Sections 203(e) and 203(k) of the Investment Advisers Act of 1940, the Order speaks for itself. Paragraph 125 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 125.

**H.     The DOJ and SEC Prosecute Left Based on ██████████████**

126. Paragraph 126 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants admit that the DOJ indicted Left on or about July 25, 2024, charging him with criminal securities fraud, and that the indictment alleged that Left directed the ██████████████ Defendants deny the remaining allegations in Paragraph 128.

129.   Defendants admit that the DOJ indictment alleged that Left had lied to a USPIS Postal Inspector about never having received compensation from Anson in advance of publishing Citron's report and that the DOJ charged Left with violating 18 U.S.C. § 1001. Defendants deny the remaining allegations in Paragraph 129.

130.   Defendants deny the allegations in Paragraph 130.

131.   Defendants admit that on or about July 26, 2024, the SEC filed a complaint against Plaintiffs for civil securities fraud, among other claims for relief, alleging that Left sought to conceal his compensation from Anson and asked Anson to send him his share of the Namaste trading proceeds through a third-party intermediary. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131, and on that basis deny them.

**I.     Left Discovers Defendants' Lies**

132.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and on that basis deny them.

133.   Defendants admit that Anson's principals Kassam and Puri sent messages to Left after his indictment. Defendants deny the remaining allegations in Paragraph 133.

134.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and on that basis deny them.

135.   Defendants admit that their █████████████████████ had previously been provided to Left's former counsel under a joint defense agreement in or about November 2023, and that these ████████ had been designated "Attorneys' Eyes Only." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135, and on that basis deny them.

136.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and on that basis deny them.

137.   Defendants deny the allegations in Paragraph 137.

138.   Defendants deny the allegations in Paragraph 138.

139.   Defendants admit that Kassam and Puri maintained friendly and cordial communications with Left and exchanged routine personal messages with him before and after his indictment, including holiday and birthday wishes and invitations to meet socially.  Defendants deny the remaining allegations in Paragraph 139.

140.   To the extent Paragraph 140 purports to characterize any correspondence between Kassam and Left, the correspondence speaks for itself. Defendants admit that Kassam sent New Year's greetings to Left in or about January 2023, and invited Left to meet for a drink in Boca Raton, Florida in or about February 2025.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140, and on that basis deny them.

141.   To the extent Paragraph 141 purports to characterize any correspondence between Kassam and Left, the correspondence speaks for itself. Defendants deny the allegations in Paragraph 141.

142.   To the extent Paragraph 142 purports to characterize any correspondence between Puri and Left, the correspondence speaks for itself. Defendants admit that on or about August 1, 2024, Puri attempted to call Left, who declined the call and wrote back, "U know I love u but I can't talk to you." Defendants further admit that Puri wished Left happy birthday in or about July 2025.  Defendants deny the remaining allegations in Paragraph 142.

143.   Defendants deny the allegations in Paragraph 143.

**J.     Plaintiffs Suffer Damages Because of Defendants' Misconduct**

144.   Defendants deny the allegations in Paragraph 144.

145.   Defendants deny the allegations in Paragraph 145.

146.   Defendants deny the allegations in Paragraph 146.

Case No. 2:25-cv-10432-SPG-AYP
ANSWER TO SECOND AMENDED COMPLAINT

147. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and on that basis deny them.

148. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and on that basis deny them.

**K.    In Pre-Filing Discussions, Anson Confirms It Misled the ▇**

149. Defendants admit that prior to Plaintiffs' filing of their Complaint, Plaintiffs' counsel approached Defendants' counsel to discuss their claims. Defendants deny the remaining allegations in Paragraph 149.

150. Defendants deny the allegations in Paragraph 150.

151. Defendants deny the allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152.

**L.    In Post-Filing Remarks to the Press, Anson Defames Plaintiffs Again**

153. To the extent Paragraph 153 purports to characterize an Anson spokesperson's press statement as published in an October 31, 2025 Bloomberg article, the statement speaks for itself. Defendants admit that Plaintiffs filed their initial Complaint on October 30, 2025. Defendants deny the remaining allegations in Paragraph 153.

154. Defendants deny the allegations in Paragraph 154.

155. Defendants deny the allegations in Paragraph 155.

156. Defendants admit that the DOJ submitted a superseding indictment in advance of Left's criminal trial, withdrawing the allegation that Left concocted a ▇▇▇▇▇▇▇ Defendants deny the remaining allegations in Paragraph 156.

**M.    Defendants' Lies Disparaged the Character of Plaintiffs' Business**

    **1.    Citron and Left Are Indistinguishable Such That Statements About Left Concern Citron's Business**

157. The allegations in Paragraph 157 pertain to a claim that has been dismissed, and therefore, no response is required.

158.   The allegations in Paragraph 158 pertain to a claim that has been dismissed, and therefore, no response is required.

159.   The allegations in Paragraph 159 pertain to a claim that has been dismissed, and therefore, no response is required.

160.   The allegations in Paragraph 160 pertain to a claim that has been dismissed, and therefore, no response is required.

161.   The allegations in Paragraph 161 pertain to a claim that has been dismissed, and therefore, no response is required.

162.   The allegations in Paragraph 162 pertain to a claim that has been dismissed, and therefore, no response is required.

**2.      Defendants' Statements Were Understood—and Intended— to Refer Directly to Citron's Business**

163.   The allegations in Paragraph 163 pertain to a claim that has been dismissed, and therefore, no response is required.

164.   The allegations in Paragraph 164 pertain to a claim that has been dismissed, and therefore, no response is required.

165.   The allegations in Paragraph 165 pertain to a claim that has been dismissed, and therefore, no response is required.

166.   The allegations in Paragraph 166 pertain to a claim that has been dismissed, and therefore, no response is required.

167.   The allegations in Paragraph 167 pertain to a claim that has been dismissed, and therefore, no response is required.

168.   The allegations in Paragraph 168 pertain to a claim that has been dismissed, and therefore, no response is required.

169.   The allegations in Paragraph 169 pertain to a claim that has been dismissed, and therefore, no response is required.

170.   The allegations in Paragraph 170 pertain to a claim that has been dismissed, and therefore, no response is required.

Case No. 2:25-cv-10432-SPG-AYP

ANSWER TO SECOND AMENDED COMPLAINT

### 3.    Defendants' Statements Derogated the Character of Citron's Business

171.   The allegations in Paragraph 171 pertain to a claim that has been dismissed, and therefore, no response is required.

172.   The allegations in Paragraph 172 pertain to a claim that has been dismissed, and therefore, no response is required.

173.   The allegations in Paragraph 173 pertain to a claim that has been dismissed, and therefore, no response is required.

174.   The allegations in Paragraph 174 pertain to a claim that has been dismissed, and therefore, no response is required.

### 4.    Defendants' Statements Caused Harm to Citron's Business

175.   The allegations in Paragraph 175 pertain to a claim that has been dismissed, and therefore, no response is required.

176.   The allegations in Paragraph 176 pertain to a claim that has been dismissed, and therefore, no response is required.

177.   The allegations in Paragraph 177 pertain to a claim that has been dismissed, and therefore, no response is required.

178.   The allegations in Paragraph 178 pertain to a claim that has been dismissed, and therefore, no response is required.

179.   The allegations in Paragraph 179 pertain to a claim that has been dismissed, and therefore, no response is required.

180.   The allegations in Paragraph 180 pertain to a claim that has been dismissed, and therefore, no response is required.

### 5.    Defendants' Statements Disrupted Citron's Business Relationships

181.   The allegations in Paragraph 181 pertain to a claim that has been dismissed, and therefore, no response is required.

182.   The allegations in Paragraph 182 pertain to a claim that has been dismissed, and therefore, no response is required.

183.   The allegations in Paragraph 183 pertain to a claim that has been dismissed, and therefore, no response is required.

184.   The allegations in Paragraph 184 pertain to a claim that has been dismissed, and therefore, no response is required.

185.   The allegations in Paragraph 185 pertain to a claim that has been dismissed, and therefore, no response is required.

186.   The allegations in Paragraph 186 pertain to a claim that has been dismissed, and therefore, no response is required.

187.   The allegations in Paragraph 187 pertain to a claim that has been dismissed, and therefore, no response is required.

### N.    Defendants Profited from Their Misconduct

188.   The allegations in Paragraph 188 pertain to a claim that has been dismissed, and therefore, no response is required.

189.   The allegations in Paragraph 189 pertain to a claim that has been dismissed, and therefore, no response is required.

190.   The allegations in Paragraph 190 pertain to a claim that has been dismissed, and therefore, no response is required.

191.   The allegations in Paragraph 191 pertain to a claim that has been dismissed, and therefore, no response is required.

192.   The allegations in Paragraph 192 pertain to a claim that has been dismissed, and therefore, no response is required.

193.   The allegations in Paragraph 193 pertain to a claim that has been dismissed, and therefore, no response is required.

194.   The allegations in Paragraph 194 pertain to a claim that has been dismissed, and therefore, no response is required.

## FIRST CAUSE OF ACTION

### (Defamation and Defamation *Per Se*, Cal. Civ. Code §§ 44–46)

195. Paragraph 195 realleges the allegations in Paragraphs 1–194 of the SAC. Defendants restate their respective admissions and denials of the allegations made in Paragraphs 1–194 of the SAC.

196. Defendants deny the allegations in Paragraph 196.

197. Defendants deny the allegations in Paragraph 197.

198. Defendants deny the allegations in Paragraph 198.

199. Paragraph 199 states a legal conclusion that requires no response. To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200. Paragraph 200 states a legal conclusion that requires no response. To the extent a response is required, Defendants deny the allegations in Paragraph 200.

201. Paragraph 201 states a legal conclusion that requires no response. To the extent a response is required, Defendants deny the allegations in Paragraph 201.

202. Paragraph 202 states a legal conclusion that requires no response. To the extent a response is required, Defendants deny the allegations in Paragraph 202.

203. Defendants deny the allegations in Paragraph 203.

204. Paragraph 204 states a legal conclusion that requires no response. To the extent a response is required, Defendants deny the allegations in Paragraph 204.

## SECOND CAUSE OF ACTION

### (Business Disparagement, Cal. Civ. Code §§ 44–46)

205. Paragraph 205 realleges the allegations in Paragraphs 1–194 of the SAC. Defendants restate their respective admissions and denials of the allegations made in Paragraphs 1–194 of the SAC.

206. The allegations in Paragraph 206 pertain to a claim that has been dismissed, and therefore, no response is required.

207.   The allegations in Paragraph 207 pertain to a claim that has been dismissed, and therefore, no response is required.

208.   The allegations in Paragraph 208 pertain to a claim that has been dismissed, and therefore, no response is required.

209.   The allegations in Paragraph 209 pertain to a claim that has been dismissed, and therefore, no response is required.

210.   The allegations in Paragraph 210 pertain to a claim that has been dismissed, and therefore, no response is required.

211.   The allegations in Paragraph 211 pertain to a claim that has been dismissed, and therefore, no response is required.

212.   The allegations in Paragraph 212 pertain to a claim that has been dismissed, and therefore, no response is required.

213.   The allegations in Paragraph 213 pertain to a claim that has been dismissed, and therefore, no response is required.

214.   The allegations in Paragraph 214 pertain to a claim that has been dismissed, and therefore, no response is required.

## THIRD CAUSE OF ACTION

### (Quasi-Contract/Unjust Enrichment)

215.   Paragraph 215 realleges the allegations in Paragraphs 1–194 of the SAC.  Defendants restate their respective admissions and denials of the allegations made in Paragraphs 1–194 of the SAC.

216.   The allegations in Paragraph 216 pertain to a claim that has been dismissed, and therefore, no response is required.

217.   The allegations in Paragraph 217 pertain to a claim that has been dismissed, and therefore, no response is required.

218.   The allegations in Paragraph 218 pertain to a claim that has been dismissed, and therefore, no response is required.

219.   The allegations in Paragraph 219 pertain to a claim that has been dismissed, and therefore, no response is required.

220.   The allegations in Paragraph 220 pertain to a claim that has been dismissed, and therefore, no response is required.

221.   The allegations in Paragraph 221 pertain to a claim that has been dismissed, and therefore, no response is required.

222.   The allegations in Paragraph 222 pertain to a claim that has been dismissed, and therefore, no response is required.

223.   The allegations in Paragraph 223 pertain to a claim that has been dismissed, and therefore, no response is required.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief requested in the Prayer for Relief, or to any relief whatsoever, and deny any allegations contained therein.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Defendants' investigation of Plaintiffs' claim and Defendants' defenses is ongoing.  Defendants reserve the right to seek leave to amend or supplement this Answer and their defenses as permitted by applicable law.

Without assuming any burden of proof that properly rests with Plaintiffs, and without conceding that any matter below is an affirmative defense on which Defendants bear the burden of proof, Defendants assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claim is barred, in whole or in part, under the doctrine of laches, including because Plaintiffs failed to timely assert their claim, which may prejudice

24

Defendants in their ability to discover adequate witnesses, testimony, facts, and evidence to support their defenses.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' claim is barred, in whole or in part, under the doctrine of estoppel, including because Plaintiffs have taken inconsistent positions in this action and Left's criminal case as to the relevance and significance of the genesis of the ███ █████.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claim is barred, in whole or in part, under the doctrine of unclean hands, including because Plaintiffs engaged in the very misconduct they allege Defendants lied about, *i.e.*, requesting that their trading proceeds be funneled through a third party to hide their compensation on the Namaste trade.

## FOURTH AFFIRMATIVE DEFENSE

### (Truth)

Plaintiffs' claim is barred, in whole or in part, under the substantial truth doctrine. Defendants' statements to the government were substantially true.

## FIFTH AFFIRMATIVE DEFENSE

### (Opinion)

Plaintiffs' claim is barred, in whole or in part, because Defendants' statements are nonactionable opinion. Defendants' statements to the government were couched as opinion. Defendants' post-lawsuit October 31, 2025 press statement constituted hyperbolic language that no audience could reasonably interpret as stating provably true or false facts about Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (Not Defamatory or Defamatory *Per Se*)

Plaintiffs' claim is barred, in whole or in part, because Defendants' statements are not capable of a defamatory meaning.  Only by layering on extensive background on securities law and facts about the government's confidential investigation could an ordinary reader understand the alleged statements as conveying a defamatory meaning.  Defendants further contest that their statements had a natural tendency to injure Plaintiffs' business or subjected them to greater civil and criminal liability.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Actual Malice)

Plaintiffs' claim is barred, in whole or in part, because Defendants did not act with the requisite degree of fault.  As at least limited purpose public figures, Plaintiffs are required to prove actual malice, *i.e.*, that Defendants made their statements with knowledge or reckless disregard of the truth or falsity of their statements.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Causation)

Plaintiffs' claim is barred, in whole or in part, because Plaintiffs cannot establish that Defendants caused any of the harm for which they seek redress.  Any alleged injury was caused by Left's criminal indictment and conviction and Plaintiffs' civil enforcement charges, both of which stemmed from Plaintiffs' securities fraud.

## NINTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiffs' claim is barred, in whole or in part, because Plaintiffs suffered no damages.  Defendants contest that their statements to the government in the course of a confidential investigation harmed Plaintiffs' reputation or exposed Plaintiffs to

hatred, contempt, ridicule, or financial injury.  Any injury alleged was of Plaintiffs' own making, stemming from their securities fraud that resulted in Left's criminal indictment and conviction and Plaintiffs' civil enforcement charges.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' claim is barred, in whole or in part, by Plaintiffs' failure to take reasonable efforts to mitigate their alleged damages, including purported reputational harm and economic loss.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiffs are not entitled to punitive damages because there has been no malice in fact or oppression toward them by Defendants.  Nor can Plaintiffs prove that Defendants acted with actual malice in making their allegedly defamatory statements.  Additionally, punitive damages in this case would violate the due process, equal protection, and excessive fines provisions of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

Plaintiffs are not entitled to recover attorneys' fees because their claim fails to state facts sufficient to entitle them to an award of attorneys' fees.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Claim)

Plaintiffs' claim is barred, in whole or in part, because it is frivolous, brought in bad faith, and/or brought for an improper purpose.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claim is barred, in whole or in part, by the one-year statute of limitations for a defamation claim under California law, Cal. Code Civ. P. § 340(c).

27

Case No. 2:25-cv-10432-SPG-AYP

ANSWER TO SECOND AMENDED COMPLAINT

Plaintiffs did not bring suit until October 30, 2025, several years after Defendants made their statements at issue. Plaintiffs were on notice of Defendants' statements as of (i) at least November 2023, when Plaintiffs' former counsel received Defendants' ███████████████; (ii) at least June 2024, when the SEC announced a settlement agreement with Anson; or (iii) at least July 2024, when the DOJ indicted Left and the SEC brought a civil enforcement action against Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Absolute Privilege)

Plaintiffs' claim is barred, in whole or in part, under California's litigation privilege, Cal. Civ. Code § 47(b). Defendants' statements were made in the course of official government proceedings and are thus absolutely privileged. Defendants contest the applicability of the § 47(b)(5) exception for knowingly or recklessly false reports of a crime to law enforcement.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs as follows:

1. Dismissing Plaintiffs' remaining defamation claim with prejudice;

2. Denying Plaintiffs all requested relief;

3. Awarding Defendants their costs and, to the extent authorized by law, reasonable attorneys' fees, including under Cal. Code Civ. P. § 425.16(c)(1); and

4. Granting such other and further relief as the Court deems just and proper.

DATED:  August 10, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

/s/ _____

Robert M. Schwartz
Attorney for Defendants

Case No. 2:25-cv-10432-SPG-AYP

ANSWER TO SECOND AMENDED COMPLAINT